STRABEL, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 11, 1926—April 5, 1927.*

*Burglary: Entering a railroad car at night: Trial: Instructions as to credibility of a class of witnesses: Evidence: Sufficiency: Relevancy:. That no burglaries have occurred since defendant's arrest: New trial: Cumulative evidence.*

1. The evidence in this case (reviewed in the opinion) is *held* to support the conviction of the defendant of breaking and entering a railway express car in the nighttime, in violation of sec. 343.11, Stats.  p. 454.

2. A court should not select any single class of witnesses and tell the jury that their testimony alone is to be viewed with care and caution; and the court properly refused such an instruction as applied to private detectives.  p. 454.

3. The form of cautionary instructions must be left largely to the discretion of the trial court.  p. 454.

4. In a prosecution for breaking and entering a railway express car in the nighttime, testimony that no seals had been found broken on express cars since defendant's arrest was inadmissible.  p. 455.

5. The refusal of the court to permit defendant's counsel to comment to the jury on statements made in the closing argument of the district attorney, to which defendant made no objection at the time, was proper.  p. 455.

**6.** Affidavits bearing chiefly on the question whether the express car alleged to have been broken and entered was at the rear or in the middle of a string of cars being moved at the time do not warrant a new trial, where such issue was presented by proof received during the trial, and the proof outlined in the affidavits was merely cumulative.   p. 455.

ERROR to review a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge. *Affirmed.*

*George Strabel,* a member of a railway switching crew, was found guilty by a jury of having broken and entered a railway express car in the nighttime and placed upon probation for one year.

For the plaintiff in error there was a brief by *Henry Mahoney* and *W. C. Zabel,* both of Milwaukee, and oral argument by *Mr. Mahoney.*

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *Louis S. Wiener,* assistant district attorney; and the cause was argued orally by *Mr. Skogmo.*

The following opinion was filed January 11, 1927:

STEVENS, J.   All the elements of the offense of breaking and entering a railway car in the nighttime, as defined by sec. 343.11 of the Statutes, are established by the testimony of a detective who was in the express car at the time the offense was alleged to have been committed.   His testimony finds corroboration in the undisputed proof that the package, which he testifies was broken open in the car by defendant *Strabel,* was broken open after it was placed in the car and before the car arrived at the Milwaukee depot.   Defendant *Strabel* and the detective were the only persons in the car during this time.   Defendant *Strabel* admits that the car door was open and that he was at the open doorway of the car at the time of his arrest.   He, however, denies that he broke the seal upon the car or that he entered the car before

his arrest.  Although he testifies that he was at the doorway for the purpose of protecting this string of cars from an approaching passenger train which was then overdue, he offers no proof that he made any attempt to secure other protection or that he made any protest that his arrest left these cars without protection from the overdue passenger train.

But one of two conclusions can be drawn from the evidence.  Either the defendant was guilty of the offense charged, or the employees of the express company deliberately manufactured the case which was presented against defendant *Strabel*.  When the testimony of the employees of the express company, including that of the one who was riding in the car, is viewed in the light of the undisputed proof of the surrounding circumstances, it is the solemn judgment of the court that the evidence not only supports the verdict of the jury, but that it leads to the conclusion that defendant *Strabel* was guilty of the offense charged.  When viewed in the light of all the surrounding circumstances it cannot be said that the testimony of the employees of the express company is either incredible or unworthy of belief. There is nothing in the proof that warrants the conclusion that the employees of the company deliberately manufactured the case which was made against defendant *Strabel*.

2. The trial court properly refused to instruct that the jury should scrutinize the testimony of private detectives with care and caution.  A court should not select any single class of witnesses and tell the jury that their testimony alone is to be viewed with care and caution.  Had the court instructed the jury to view the testimony of any other class of witnesses or of the defendant with care and caution, it might have been the duty of the court to have given this instruction. But the form of such cautionary instructions must be left largely to the discretion of the trial court.  The trial court discharged its duty by giving cautionary instructions that applied to all witnesses and not to any particular class of wit-

nesses or to any single witness. The court told the jury to consider the interest which each witness had in the result of the trial and the motives which he might have to testify falsely in the case, and also that the jury should scrutinize all of the evidence with care and caution and acquit if there was any reasonable doubt of guilt after such scrutiny of all the evidence. The rule as to the testimony of accomplices had no application to this case.

3. There was no error in the rulings of the court upon evidence. The court promptly struck out the answer that no seals were found broken on express cars since the time of the defendant's arrest. The court properly refused to permit appellant's counsel to comment to the jury at the close of the argument upon statements made by the district attorney in his closing argument, to which appellant had made no objection at the time the argument was made. If the defendant desired to object to the argument of the district attorney he should have done so and made a record at the time that the matter to which objection was made was presented to the jury.

4. Affidavits presented in support of a motion for a new trial bore chiefly on the question of whether the car which it is alleged was broken and entered was at the rear or in the middle of the string of three cars that were being moved at the time that the burglary was alleged to have been committed. That issue was presented by the proof received during the trial. The proof outlined in the affidavits was merely cumulative upon this issue. The motion for a new trial was properly denied.

*By the Court.*—Judgment affirmed.

The defendant moved for a rehearing.

In support of the motion there was a brief by *Henry Mahoney,* attorney, and *Irving A. Fish,* of counsel, both of Milwaukee.

In opposition thereto there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *Louis S. Wiener,* assistant district attorney.

The motion was denied, without costs, on April 5, 1927.